### 29909. LANTHRIP v. THE STATE.

INGRAM, Justice.

The defendant appeals his conviction in Bibb Superior Court for the crimes of terroristic threats under Code Ann. § 26-1307 (a) and simple battery under Code Ann. § 26-1304. He was indicted in two counts, the first alleging that he did "threaten to commit the crime of murder, a crime of violence, with the purpose of terrorizing Darlene Mishoe and Sue Lanthrip . . ." The second count charged defendant with the crime of aggravated assault upon the person of Sue Lanthrip by choking, strangling and beating her.

The case is brought to this court because the defendant challenged, in the trial court and in this appeal, the constitutionality of the statute defining the crime of terroristic threats. The statute is said to be violative of due process because it is too vague, indefinite, uncertain and overbroad to be capable of uniform enforcement.

"A criminal statute that defines the crime with sufficient definiteness to enable one familiar with the acts made criminal to determine when the statute is being violated is not void as offending the Fourteenth Amendment of the Constitution of the United States, or Art. I, Sec. I, Par. III, of the Constitution of Georgia . . ." *Farrar v. State,* 187 Ga. 401 (2) (200 SE 803). "The Constitution has erected procedural safeguards to protect against conviction for crime except for violation of laws which have clearly defined conduct thereafter to be punished; but the Constitution does not require impossible standards." United States v. Petrillo, 332 U. S. 1, 7. All that is necessary is for the language of the statute to convey a "sufficiently definite warning as to the proscribed conduct when measured by common un-

derstanding and practices. The Constitution requires no more." Id., p. 8.

Under the language of the present criminal statute, upon which this count of the indictment was drawn, a person commits a terroristic threat when he threatens to commit any crime of violence with the purpose of terrorizing another person. The offense is consummated by the communication of the threat to another person for the purpose of terrorizing that person. Code Ann. § 26-1307 (a). Is the statute sufficiently definite to give notice of the conduct it penalizes? We think it is. The unavoidable message of the express language contained in the statute is that one may not communicate to another person a threat to commit a crime of violence, for the purpose of terrorizing that person, without violating the statute. There are no hidden pitfalls or disguised traps into which the unwary may fall and commit the crime. The statute can be read and understood by a person of ordinary intelligence seeking to avoid its violation.

The standard of guilt contained in the statute is not left to speculation or conjecture, but rather, is fixed and certain as to the conduct prohibited therein. "A criminal statute must be sufficiently definite to give notice of the required conduct to one who would avoid its penalties, and to guide the judge in its application and the lawyer in defending one charged with its violation. But few words possess the precision of mathematical symbols, most statutes must deal with untold and unforeseen variations in factual situations, and the practical necessities of discharging the business of government inevitably limit the specificity with which legislators can spell out prohibitions. Consequently, no more than a reasonable degree of certainty can be demanded. Nor is it unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line." Boyce Motor Lines, Inc. v. United States, 342 U. S. 337, 340.

We are of the opinion that this statute sufficiently meets the constitutional test of due process and that it is not subject to the attacks made on it in this case. See also *Watts v. State,* 224 Ga. 596, 597 (163 SE2d 695); *Hogan v. Atkins,* 224 Ga. 358 (162 SE2d 395); and Masson v. Slaton,

320 FSupp. 669 (N. D. Ga.), holding the other portion of this same statute to be constitutionally sufficient to give fair warning of the conduct proscribed.

Defendant also contends that the statute is void for overbreadth. The overbreadth doctrine has no application to this statute. The communication of terroristic threats to another person to commit a crime of violence upon that person clearly falls outside of those communications and expressions which are protected by the First Amendment to the Constitution. There are some limitations even upon free speech. This statute by its terms does not sweep "within its ambit other activities, that in ordinary circumstances constitute an exercise of freedom of speech or of the press..." Thornhill v. Alabama, 310 U. S. 88 (3b).

Nor can we agree with defendant's contention that the language of the statute is so broad that it conflicts with the commission of the offense of the simple assault under Code Ann. § 26-1301. As noted earlier, the terroristic threats statute prohibits the communication of a threat to commit a crime of violence designed to terrorize the victim. When the communication of the threat is done to terrorize another, the crime is complete. The communication of a terroristic threat is not punishable under the simple assault statute and one may be guilty of simple assault without violating the terroristic threats statute. See Echols v. State, 134 Ga. App. 216, 217 (213 SE2d 907).[1]

We have also considered defendant's demurrer attacks upon the indictment and find them to be without merit. The indictment is adequately couched in the language of the statute and sufficiently apprised the

---

[1]We do not have occasion in this case to deal with the legal problem encountered under Code Ann. § 26-506 when there is a conviction of terroristic threats and assault (or battery) involving essentially the same conduct with one victim. See, however, Zilinmon v. State, 234 Ga. 535, which reached a different result from Div. 4 of Echols, in which a motion for rehearing was denied March 10, 1975, and certiorari was denied by this court on April 17, 1975.

defendant of the crime with which he was charged. It charges the commission of the offense in plain terms and the nature of the offense is sufficiently described to permit both the defendant and the jury to understand the crime charged in the indictment. Code Ann. § 27-701. The offense charged in the indictment is also sufficiently described to enable the defendant to plead successfully the bar of the present conviction to another prosecution for the same criminal transaction. See *Black v. State,* 36 Ga. 447 (1867). Therefore, the demurrers to the indictment were properly overruled by the trial court.

We consider next defendant's contention that the trial court erred in failing, sua sponte, to give the jury instructions defining the crime of murder. The argument presented is that since the indictment charged that defendant threatened to commit the crime of murder, the jury should have been instructed on the elements of that crime. We reject this contention because it was not necessary for the state to prove the elements of murder in order to prove the crime of terroristic threats alleged in the indictment. All the state had to do, to satisfy this part of its case, was to persuade the jury beyond a reasonable doubt that the crime communicated as a threat by the defendant was a crime of violence. Defendant's argument would be more persuasive if it could reasonably be said the jury did not understand that murder is a crime of violence. We doubt any juror would entertain even a temporal notion that murder was not a violent crime. It would be sheer sophistry for us to give this statute such a technical interpretation. "Laws are made for men of ordinary understanding, and should therefore be construed by the ordinary rules of common sense. Their meaning is not to be sought for in metaphysical subtleties, which may make anything mean everything or nothing, at pleasure."[2]

The state's evidence in this case authorized the jury to believe that the defendant communicated terroristic threats to his wife, Sue Lanthrip, and to his sister-in-law,

---

[2]Attributed to a portion of the content of a letter from Thomas Jefferson to William Johnson, dated June 12, 1823.

Darlene Mishoe, to kill each of them with a gun and that the defendant had also choked his wife in a fit of temper. The circumstances of the threats considered by the jury clearly permit a finding that the crime of violence threatened in this case was the crime of murder. We hold the trial court did not err, under the facts of this case, in failing to define the crime of murder in the jury's instructions without a request to do so.

It is also appellant's contention that the trial court erred in sentencing appellant to consecutive terms of imprisonment for these two offenses as only a jury can decide whether sentences are to be served consecutively and the jury's verdict was silent. This argument fails to take account of Ga. L. 1974, p. 352 et seq., allowing sentencing by the trial judge, which became effective on July 1, 1974. Code Ann. § 102-111. Both offenses involved in this case "arose out of events occurring in the afternoon or early evening of August 22, 1974." Appellant was arrested on August 23, 1974. The case was tried on November 27, 1974, and appellant was sentenced on February 4, 1975. Thus, it was within the discretion of the trial judge to make the sentences consecutive.

The errors enumerated for consideration on appeal have been examined and determined to be without merit. Thus, the trial court's judgment will be affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 5, 1975 — DECIDED SEPTEMBER 11, 1975.

*Brown, Katz, Dasher & Flatau, Richard M. Katz,* for appellant.

*Fred Hasty, District Attorney,* for appellee.