## 35013. KING v. THE STATE.

PER CURIAM.
Appellant was convicted of knowingly and intentionally offering to buy votes at a primary election in violation of Code § 34-1933 and was sentenced to twelve months imprisonment. The appeal is in forma pauperis.
1. The appellant contends that the trial court erred in overruling appellant's motion to dismiss the indictment on the grounds that it violated his First and

Fourteenth Amendment rights under the Federal Constitution or in the alternative that Code § 34-1933 is void on its face for vagueness and overbreadth. Code § 34-1933 provides: "Any person who buys or sells or offers to buy or sell, or knowingly participates in the buying or selling of votes, at any primary or election, shall be guilty of a felony." In our opinion, this statute is not void for any of the grounds urged by the appellant. *Lanthrip v. State,* 235 Ga. 10 (218 SE2d 771) (1975).

2. The trial court did not err in failing to give the appellant's requests to charge. The substance of these requests is found in the full charge of the trial court which contains no error.

3. The appellant contends that the evidence was insufficient to support a verdict of guilty. We disagree and affirm.

*Judgment affirmed. All the Justices concur, except Hall, J., who dissents.*

SUBMITTED JUNE 15, 1979 — DECIDED SEPTEMBER 26, 1979 — REHEARING DENIED OCTOBER 30, 1979.

*Lynward S. Bussey,* for appellant.
*William S. Lee, District Attorney,* for appellee.

HALL, Justice, dissenting.

I agree that Code § 34-1933 is not void for any of the grounds alleged by the appellant. Furthermore, the trial court gave a full and fair charge to the jury. However, in my opinion the evidence does not support the verdict.

At the time of the incident, the appellant was a candidate for three separate elective offices in the democratic primary. They were the offices of County Commissioner, City Commissioner and the House of Representatives of the Georgia General Assembly. The sole witness at the trial was William O. Davis, the editor of the Albany Journal. He testified that the appellant placed an advertisement in his newspaper and that the newspaper was distributed throughout Dougherty County. The advertisement was as follows: "Rev. Clennon King will pay within 30 days after his election $100 in

cash to each August 8 voter who punches for him 3 times." It also informed voters that it was "ok" for them to vote for one named opponent as long as they also voted for King. The appellant, who represented himself at the trial, was told he could cross examine the above witness. After some difficulty in attempting to put the question, he finally asked the witness, "Didn't you think it was something nice for the campaign, Mr. Davis? You said something about it being a little confusing because the advertising suggested that people vote for Mary Young, too, isn't that correct?" The witness said, "I thought, as I told the Grand Jury, that it was a typical Clennon King caper; I thought it was confusing and, therefore, not a valid offer. You know, down at the bottom of the ad where it said it was all right to vote for Mary Young if you vote for Clennon, too, well, there is only two candidates for the city commission and, therefore, any poll watcher or any vote counter would immediately invalidate the vote and I thought that the offer on the face of it was ridiculous."

The jury had considerable difficulty in reaching a verdict. Once they requested and received a recharge on reasonable doubt. On another occasion they requested and received a recharge on intent.

In my opinion, the evidence demands a finding that there was no valid offer to buy a vote. As stated by the only witness at the trial, the offer was ridiculous on its face.