S10A0937. PARKER v. CITY OF GLENNVILLE et al.
(701 SE2d 182)

THOMPSON, Justice.

Appellant John Parker appeals from the trial court's denial of his petition seeking a permanent injunction to prevent enforcement of § 30-8 of the City of Glennville, Georgia, Municipal Code on constitutional grounds. We affirm.

Parker owns four vacant lots within the Glennville city limits. In June 2008, the City of Glennville code enforcement officer sent Parker a notice of inspection after receiving complaints from neighbors about the weed growth on Parker's property. Section 30-8 (a) of the city code provides:

> It shall be unlawful for any owner or resident of any lot, area, or place located within this city to permit any weeds, grass, or deleterious, unhealthful growths to obtain a height exceeding ten inches on such property. For purposes of this section, the term "weeds" shall be deemed to mean jimpson, burdock, ragweed, thistle, cocklebur, dandelion or other unsightly growths of a like kind.

The notice advised Parker that his property was in violation of § 30-8 and that the violations should be corrected within ten days from the date of notice or the city would be authorized pursuant to the code to "provide for the removal, cutting and/or destroying of

such growths by or for the city."[1] Parker filed a petition for restraining order and injunction seeking, inter alia, to enjoin the city from enforcing § 30-8 under the due process clauses of the Georgia and United States Constitutions. The trial court denied the petition, and Parker appealed, contending that § 30-8 is unconstitutionally vague and that the city is selectively enforcing the ordinance in violation of his constitutional rights.

1. The void for vagueness doctrine of the due process clause requires that a challenged statute or ordinance give a person of ordinary intelligence fair warning that specific conduct is forbidden or mandated and provide sufficient specificity so as not to encourage arbitrary and discriminatory enforcement. Vagueness challenges to statutes that do not implicate First Amendment freedoms must be examined in the light of the facts of the case to be decided. *Santos v. State*, 284 Ga. 514-515 (1) (668 SE2d 676) (2008). Because of this, a person "who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *Village of Hoffman Estates v. The Flipside, Hoffman Estates*, 455 U. S. 489, 495 (102 SC 1186, 71 LE2d 362) (1982). See *Hubbard v. State*, 256 Ga. 637, 638 (352 SE2d 383) (1987).

(a) Parker contends § 30-8 is unconstitutionally vague because men of ordinary intelligence would differ on the applicability of the ordinance to property located within the city limits. The ordinance, however, states in plain and unambiguous terms that it is applicable to "any lot, area, or place located within [the] city." Although Parker contends a citizen of Glennville would read the same ordinance and determine it could not possibly mean what it says because of the mixture of property types within the city limits, the ordinance itself does not provide or allow for such an interpretation. The terms "any lot, area, or place located within this city" clearly inform persons of ordinary intelligence that the ordinance is applicable to all property within the Glennville city limits. Under this test, Parker or any person of ordinary intelligence would understand that allowing ragweed or other specifically identified growths to obtain heights greater than ten inches could lead to the city's action to enforce compliance with § 30-8.[2] Parker's argument to the contrary is without merit.

(b) Parker also contends the ordinance as written provides insufficient criteria to govern the conduct of enforcement authori-

---

[1] It is undisputed that Parker's property contained ragweed and other identified weeds taller than ten inches.

[2] Parker does not challenge the ordinance's use of the terms "deleterious, unhealthy growth" or "unsightly growths of the like" inasmuch as those provisions of § 30-8 did not form the basis of the city's notice of violation.

ties. The standards for enforcement provided in the ordinance are explicit, rendering the ordinance applicable to all property within the city limits, an easily verifiable boundary. By its terms, therefore, § 30-8 as written leaves no room for arbitrary or discriminatory enforcement. Parker's allegation that the ordinance is not being enforced to its full limits does not render the ordinance unconstitutionally vague. Due process requires only that an ordinance define the offense in terms that advise people of ordinary intelligence of the conduct sought to be prohibited and provide sufficient guidelines to prevent arbitrary enforcement. *Bell v. State*, 252 Ga. 267, 270-271 (313 SE2d 678) (1984). Because § 30-8 satisfies both of these criteria, we affirm the trial court's decision upholding the constitutionality of § 30-8 on vagueness grounds.

2. Parker also contends the ordinance is being selectively enforced against him in violation of the equal protection of law guaranteed by the Fourteenth Amendment. We disagree.

> The party seeking to prove unconstitutionally discriminatory enforcement of the law . . . has the burden of presenting sufficient evidence to establish the existence of intentional or purposeful discrimination which is deliberately based upon an unjustifiable standard, such as race, religion, or other arbitrary classifications.

*State v. Causey*, 246 Ga. 735, 737 (273 SE2d 6) (1980). Importantly, "[s]ome selective enforcement is not in itself a constitutional violation. [Cit.]" *Dept. of Nat. Resources v. Union Timber Corp.*, 258 Ga. 873, 876 (375 SE2d 856) (1989). See *Oyler v. Boles*, 368 U. S. 448, 456 (82 SC 501, 7 LE2d 446) (1962). Although Parker presented some evidence suggesting § 30-8 may not be currently enforced against heavily wooded areas within the city limits, there was substantial evidence of its enforcement against property similar to the lots owned by Parker. Moreover, the trial court found no evidence of intentional discrimination against Parker, let alone discrimination based on some unjustifiable standard. Accordingly, we agree with the trial court that Parker failed to carry his burden of proving the ordinance is being unconstitutionally enforced against him. See *Snowden v. Hughes*, 321 U. S. 1, 8-9 (64 SC 397, 88 LE 497) (1944); *Oyler*, supra, 368 U. S. at 456.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 18, 2010.

*Phillip & Kitchings, Joseph C. Kitchings*, for appellant.

*McCullough & Swindell, Hugh J. McCullough*, for appellees.