## 50651. T. G. STEGALL TRUCKING COMPANY v. TOWER LINES, INC.

EVANS, Judge.

Both parties here are common carriers. Tower Lines, Inc., had a consignment of products of H. J. Heinz Company to deliver from Pittsburgh, Pennsylvania to Hapeville, Georgia. Tower leased a tractor-trailer and driver from T. G. Stegall Trucking Company, including all necessary permits of that carrier. The vehicle overturned, and damaged and destroyed the consignment, which was valued at $8,191.11. Heinz made claim against Stegall, owner of the tractor-trailer, and Stegall promptly denied liability and refused to pay. Tower, who had rented the tractor-trailer and driver from Stegall, then made settlement with Heinz for the amount of $8,191.11. Tower then sued Stegall, alleging that all claims, rights, causes of action and rights of recovery inhering in Heinz had been transferred and assigned to it for value received.

Plaintiff Tower contends that defendant Stegall agreed to indemnify Tower as to any loss, damage or happening giving rise to claims on the part of the shipper (Heinz). The indemnification clause in their contract is as follows: "The Lessor shall indemnify the Lessee from any loss, damage or happening giving rise to claims on the part of the shippers [Heinz]. . ." Defendant Stegall answered, its main defense being that the indemnity clause was unenforceable, void, not binding and of no effect as to it because same was subject to the rules and regulations of the Interstate Commerce Commission as adopted pursuant to 49 USCA § 304 and the additional clause in the contract that the carrier-lessee assumes full responsibility in respect to the equipment it is operating to the public, the shippers and the Interstate Commerce Commission.

To simplify, defendant contended it was not bound by its written agreement to indemnify, because the agreement was in contravention of the rules of the Interstate Commerce Commission, and that such rules supersede and govern as to the rights and liabilities between these two common carriers, plaintiff and defendant.

Defendant moved for summary judgment which was denied, and it appeals. *Held:*

1. The sole question for decision here is whether or not under the Interstate Commerce Commission's regulations, as authorized by 49 USCA § 304, any indemnification agreement between the parties would control or be invalid. See 49 CFR 1057.4 (a) (4) and 49 CFR 1043.1 and 1043.2 (Code of Federal Regulations).

2. The Interstate Commerce Commission by regulation has required that whenever there is a trip-lease agreement between common carriers that *said contract be in writing* and *the lessee (Tower-plaintiff) assume full responsibility in respect to the equipment it is operating to the public, the shippers (Heinz) and Interstate Commerce Commission.* Here, Tower assumed control and responsibility for Stegall's equipment even though the services of Stegall's driver were a part of the agreement. The parties also agreed that Stegall would carry acceptable liability and property damage insurance and

would reimburse and otherwise indemnify Tower for any and all losses sustained by it resulting from the use of the aforesaid equipment.

3. In the case of Alford v. Major, 470 F2d 132 (7th Cir. 1972), upon which defendant Stegall relies, the 7th Circuit there held that the agreement violated 49 CFR 1057.4 (a) (4). The rule adopted by the commission is to protect the public, the shippers and the Interstate Commerce Commission. In that case the lessee did not assume full control and responsibility as required by the rule.

4. But the lease in this case is controlled by Allstate Ins. Co. v. Alterman Transport Lines, Inc., 465 F2d 710 (5th Cir. 1972) and Carolina Freight Carrier Corp. v. Pitt County Transportation Co., 492 F2d 243 (4th Cir. 1974). Both of these cases held an indemnity agreement does not violate the rule where the public and the shipper is otherwise protected by the lessor of the equipment who assumes full control and responsibility.

5. "Ordinarily this court is not bound by decisions of foreign states, or of Federal Courts, except the U. S. Supreme Court [*Thornton v. Lane*, 11 Ga. 459 (4), 500]. But now we are confronted with a strictly Federal question involving the construction of the rules of Interstate Commerce Commission under 49 USCA § 304, and whether an indemnity agreement is valid or invalid because of contravening said rules and whether or not it does contravene said rules. In such cases, the Federal law and its decisions should be applied and followed." *Ga. R. v. Cubbedge, Hazelhurst & Co.*, 75 Ga. 321, 322. We therefore follow Allstate Ins. Co. v. Alterman Transportation Lines, Inc., 465 F2d 710, supra, by our own 5th Circuit as controlling authority.

6. By contract Tower and Stegall, *in writing*, made certain agreements as to the liability involved and Tower assumed responsibility and control for the operation of the equipment (even though operated by the driver of Stegall) to the public, the shippers (Heinz) and the Interstate Commerce Commission as required by rule.

It did not violate the rule by requiring Stegall to carry acceptable property damage insurance and to agree to reimburse and otherwise indemnify Tower for any and

all losses sustained by Tower resulting from the use of the aforesaid equipment.

7. The petition here alleges Tower sustained certain losses which it was required to pay Heinz, and it seeks to hold the defendant Stegall liable under their indemnification contract. Under these circumstances the lower court did not err in denying defendant's motion for summary judgment.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

ARGUED APRIL 30, 1975 — DECIDED JULY 1, 1975.

*Whelchel, Dunlap & Gignilliat, James A. Dunlap, Charles O. Gignilliat,* for appellant.

*Robinson, Harben, Armstrong & Millikan, Emory F. Robinson, Troy R. Millikan,* for appellee.