51504, 51505. DOVE v. NATIONAL FREIGHT, INC.
(two cases).
51506. SEAGRAVES v. NATIONAL FREIGHT, INC.

EVANS, Judge.

Ronnie Leon Watson was an employee of James Nicholson, the owner of a tractor which was leased (together with driver) to the common carrier, National Freight, Inc., for use in its business. Watson resided in Jackson County, Georgia.

On March 8, 1974, in Atlanta, Georgia, Watson picked up a load of freight in a trailer owned by the common carrier, National Freight, Inc. He proceeded en route, to arrive at Wilson, North Carolina, on March 12 (Monday), expecting to spend Saturday night in Jackson County, Georgia, and to re-fuel the tractor in Jackson County.

While driving in Jackson County, before reaching the home of his mother-in-law, Watson had a collision with a pick-up truck driven by Amory Seagraves in which A. W. Dove was a passenger. Both Seagraves and Dove received serious bodily injuries as a result of the collision. Lorene Dove, wife of A. W. Dove, was allegedly injured by reason of loss of consortium of her husband as a result of the collision.

All three of these injured persons, in separate suits, sued National Freight, Inc. and Insurance Company of North America as defendants on the theory that the driver of the tractor-trailer was at the time of the collision an agent of National Freight, Inc., a motor common carrier. The insurer was named by virtue of Code Ann. §§ 68-612, 68-618.

The defendant denied liability. Extensive discovery was conducted. The defendants moved for summary judgment, and plaintiffs moved for partial summary judgment on the question of employment, contending the facts show conclusively that the driver was an employee of the motor common carrier. Judgment was entered in favor

of the defendants on their motion, holding them not liable; and the plaintiffs' motion for summary judgment was denied. Plaintiffs appeal. *Held:*

1. Counsel for the plaintiffs contend this case is controlled by *Montgomery Trucking Co. v. Black,* 231 Ga. 211 (200 SE2d 882). There the Supreme Court reversed the Court of Appeals in *Black v. Montgomery Trucking Co.,* 129 Ga. App. 36 (198 SE2d 378). We had held defendant was not entitled to a summary judgment and the Supreme Court took the opposite view. Counsel for defendants contend that these two cases are directly in point as to the facts involved. In reversing the Court of Appeals in *Black,* supra, the Supreme Court held that Code Ann. § 12-203, in reference to bailments, controls in that the owner of the tractor sent its own driver with the property bailed (the tractor and driver), the common carrier would be liable only for the consequence of its own direction and gross neglect.

That case was decided in 1973, and did not mention the Federal Statute, 49 USCA § 304 (a) (3). The Supreme Court held that the leased equipment in the *Black* case was under the complete control and direction of the owner and not the trucking company. But under 49 USCA § 304 (3), the Interstate Commerce Commission is authorized to prescribe with respect to the use by motor common carriers (under leases, contracts, or other arrangement) of motor vehicles not owned by them, such regulations as may be reasonably necessary in order to assure that while motor vehicles are being so used, *motor carriers will have full direction and control of such vehicles and will be fully responsible for the operation thereof in accordance with applicable law and regulations, as if they were the owners of such vehicles.* This case is therefore controlled by the written lease which must be prepared and must meet the requirements of 49 USCA § 304, and all rules of the Interstate Commerce Commission adopted pursuant thereto. Accordingly, *Montgomery Trucking Co. v. Black,* 231 Ga. 211, supra, is not controlling here.

2. The written lease and insurance policy is found in the additional record forwarded to this court. These documents were *submitted to opposing counsel on October 11, 1974,* in response to the plaintiff's first request for

production of documents. But it appears that same were *not filed in the office of the clerk until October 4, 1975,* almost one year later, and after the ruling by the court on summary judgment which was *rendered on August 11, 1975.* This court cannot consider these documents in reaching its decision here.

3. However, under the authority of 49 USCA § 304, it is clear that any such regulations adopted by the Interstate Commerce Commission must assure that while motor vehicles are being used under the contract the motor carriers will have full direction and control of the subject vehicles and will be fully responsible for the operation thereof.

4. Under no circumstances could the common carrier defendant contend that the employer (the owner of the tractor) or the driver could control or direct the time or manner of performance under the lease if such would violate the above law. The statute clearly eliminates the individual contractor concept from any such lease arrangements and casts upon the common carrier full responsibility as to the control of the driver of the leased equipment. See 49 USCA § 304; compare *T. G. Stegall &c. Co. v. Tower Lines,* 35 Ga. App. 286 (217 SE2d 488).

5. The evidence here is totally insufficient to show that the driver in stopping to spend the night in his home county of Jackson on his way to Wilson, North Carolina, had so departed from his mission as to be on a purely personal mission of his own at the time of the collision. Here the employee was employed for the purpose of operating a motor vehicle (such as this tractor pulling the trailer of the defendant). If he is found driving the motor vehicle in the usual manner, a presumption arises that he is acting in the scope of his authority. At the very least, a question of fact arises therefrom. Even if the facts derived from the presumption be refuted by uncontested evidence, same must be determined by a jury. See *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442); *McCarty v. Nat. Life &c. Ins. Co.,* 107 Ga. App. 178, 179 (129 SE2d 408). It was therefore error for the trial court to enter judgment that the driver of the tractor was not in the scope of his employment and that he was not an employee of the carrier.

6. However, much of the evidence in this record was gotten into the record *after* the trial judge had granted summary judgment. We can not consider that type of evidence in determining whether the trial judge properly granted summary judgment; nor whether he properly denied partial summary judgment. In the present status of the record, we can only send the case back to the lower court for a further hearing, and accordingly, the judgment granting summary judgment must be reversed.

*Judgment reversed. Pannell, P. J., and Marshall, J., concur.*

ARGUED JANUARY 5, 1976 — DECIDED MARCH 1, 1976 — REHEARING DENIED MARCH 12, 1976.

*Guy B. Scott, Jr.,* for appellant.

*Erwin, Epting, Gibson & McLeod, E. Davison Burch,* for appellee.