58022. PARRISH et al. v. AMERICAN AUTOMOBILE INSURANCE COMPANY et al.

ARGUED MAY 30, 1979 — DECIDED JUNE 19, 1979.

*Guy B. Scott, Jr., Howard T. Scott, Jr., John K. Larkins, Jr.,* for appellants.

*John S. Noell, Jr., Erwin, Epting, Gibson & McLeod, Henry G. Garrard, III,* for appellees.

DEEN, Chief Judge.

1. It appears from the affidavits and exhibits of the defendants that the policy to which the plaintiff refers did in fact cover the Loadstar tractor for a period from May 17, 1976 to May 17, 1977. The policy was taken out by an Interstate Common Carrier, Gambrell Transmobile, Inc., which had leased the tractor from its owner, Page, the plaintiff's employer. The lease between Page and Gambrell Transmobile, Inc. expired according to its terms on May 15, 1977, and Gambrell had no control over or use of the vehicle after that date. On May 17 it renewed its insurance policies with directions to the defendant insurers to eliminate any coverage on the Loadstar tractor and this was done. The collision occurred on June 14, 1977.

Mere conclusions in the pleadings or even in the affidavit of the plaintiff which fail to contravene any of the facts set out in the record on appeal will be insufficient to make a jury question. *Sloan v. Hobbs Sporting Goods Shop,* 145 Ga. App. 255 (243 SE2d 673) (1978).

2. It is contended that since the lessee, Gambrell Transmobile, Inc., was a carrier licensed by the Interstate Commerce Commission during the policy year ending May 15, 1977, and since it failed to give notice to the ICC of the termination of the policy the vehicle remained covered.

We disagree with this contention. The pertinent endorsement under section 215 of the Interstate Commerce Act appears in the record, is attached to the policy insuring Gambrell Transmobile, Inc., and refers to liability insurance only. Further it states, in compliance with former 49 USCA § 315, that "endorsement may not be cancelled without cancellation of the policy to which it is attached. Such cancellation may be effected by Company or the insured giving 30 days' notice in writing to Interstate Commerce Commission at its office in Washington, said 30 days' notice to commence to run from the date notice is actually received in the office of said Commission." Any liability of the insured lessee ceased when the lease expired according to its terms. It was not cancelled, and the vehicle was not retained by it. While the lessee retains control of the driver during the period of

the lease even though the latter is an employee of the owner (see *Dove v. Nat. Freight, Inc.,* 138 Ga. App. 114 (4) (225 SE2d 477) (1976)), after the lease period has expired and truck and driver have been returned to the full control of the owner the lessee has no further responsibility for events occurring thereafter. The plaintiff here was in fact using the tractor for his own purposes (whether with or without the permission of the employer owner is disputed but not relevant to this particular question). The vehicle was not being used for any purpose regulated by the ICC at the time of the wreck, and in fact the plaintiff, who was operating it, had no license to operate it for such purposes.

It follows that under these facts no liability adheres to the insurance companies by whom the respective policies were issued, and the trial court properly granted the summary judgment in their favor.

*Judgment affirmed. Birdsong and Carley, JJ., concur. Shulman, J., not participating.*