458 S.E.2d 95 (1995)
265 Ga. 557
MACON-BIBB COUNTY HOSPITAL AUTHORITY
v.
NATIONAL TREASURY EMPLOYEES UNION.
No. S94G1622.
Supreme Court of Georgia.
May 30, 1995.
Reconsideration Denied July 7, 1995.
John A. Draughon, Michelle W. Johnson, Sell & Melton, Macon, for Macon-Bibb County Hosp. Authority.
Gregory O'Duden, National Treasury Employees Union, Washington, DC, Elaine Kaplan, Mark Sanger, National Treasury Employees Union, Atlanta, for appellant.
Jack Spalding Schroder, Jr., Daniel A. Kent, Alston & Bird, Atlanta, amicus curiae.
BENHAM, Presiding Justice.
The Macon-Bibb County Hospital Authority (the Authority) provided medical care to the newborn son of a federal employee who was an insured under a group insurance policy sponsored by the National Treasury Employees Union (NTEU) and issued under the Federal Employees Health Benefits Act (FEHBA), 5 U.S.C. § 8901 et seq. The Authority alleged that it provided care after being assured by the insurer that the infant was covered by his mother's insurance policy. When the insurer subsequently denied coverage for the infant, the Authority filed suit in the State Court of DeKalb County, seeking damages for NTEU's alleged negligent misrepresentation. The trial court denied NTEU's motion for summary judgment in which NTEU asserted that the Authority's state law claim was federally preempted under FEHBA, 5 U.S.C. § 8902(m)(1). The Court of Appeals granted NTEU's application for interlocutory review and, relying on a U.S. Supreme Court decision addressing preemption under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq., reversed the trial court's judgment. NTEU v. Macon-Bibb County Hosp. Auth., 213 Ga.App. 724, 445 S.E.2d 777 (1994). Shortly thereafter, the U.S. Court of Appeals for the Eleventh Circuit issued an opinion concerning federal preemption of a *96 third-party health care provider's state law claims in Lordmann Enterprises v. Equicor, 32 F.3d 1529 (11th Cir.1994). We granted the Authority's petition for certiorari, asking the parties to evaluate the validity of the Court of Appeals' judgment in light of the 11th Circuit's holding in Lordmann.
1. FEHBA is legislation passed by Congress "to protect federal employees against the high and unpredictable costs of medical care" and "to afford federal employees the best possible health coverage at the lowest possible cost to themselves." Doe v. Devine, 703 F.2d 1319, 1327-1328 (D.C.Cir.1983). The FEHBA preemption statute at the center of this controversy, 5 U.S.C. § 8902(m)(1)(a), states:
The provisions of any contract under this chapter which relate to the nature or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans to the extent that such law or regulation is inconsistent with such contractual provisions.
The issue is whether the Authority's negligent misrepresentation claim "relates to health insurance or plans ..." in a manner inconsistent with the health insurance policy's contractual provisions.
As noted by the Court of Appeals, the decisions of the federal courts of appeal are not binding on this court, but their reasoning is persuasive. Felker v. State, 252 Ga. 351, 361, 314 S.E.2d 621 (1984). But see T.G. Stegall Trucking Co. v. Tower Lines, 135 Ga.App. 286(5), 217 S.E.2d 488 (1975) (where the Court of Appeals held that a federal appellate decision was "controlling authority" in a case involving the construction of the rules of the Interstate Commerce Commission). While a decision construing a federal statute rendered by the U.S. Supreme Court would be binding on this court (Thornton v. Lane, 11 Ga. 459, 500 (1852)), that Court has yet to address the question with which we are faced: whether federal law has preempted a third-party health care provider's state law claim against a FEHBA plan's sponsor.
2. The issue of federal preemption of state law is "fundamentally `a question of Congressional intent ...' [Cit.]." Burkey v. Government Employees Hosp. Ass'n, 983 F.2d 656, 659 (5th Cir.1993). In construing the phrase "relates to" found in FEHBA, the 11th Circuit has been "assisted ... by" judicial construction of the phrase as used in the preemption provision of ERISA.[1]Blue Cross & Blue Shield v. Dept. of Banking, 791 F.2d 1501, 1504 (11th Cir.1986). While both the FEHBA and ERISA preemption provisions use the phrase "relates to," the two preemption provisions are quite distinct. The "preemptive reach of [§ 8902(m)(1) FEHBA's preemption provision], unlike ERISA, is quite narrow...." Craig v. GEICO, 134 F.R.D. 126 (D.C.Md.1991). ERISA's preemption provision has been called "[t]he virtually unique preemption provision," while FEHBA's provision is described as "the limited preemption doctrine...." Fields v. Blue Shield of Calif., 163 Cal.App.3d 570, 209 Cal.Rptr. 781, 793 (1985). The U.S. Supreme Court described the ERISA preemption statute as "broadly worded," "deliberately expansive," and "conspicuous for its breadth," in Ingersoll-Rand v. McClendon, 498 U.S. 133, 138, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). Because of the difference in the breadth of each Act's preemption provision, careful scrutiny must be given ERISA cases before they are used in construing the FEHBA preemption provision.
Both the insurer and the decision of our Court of Appeals rely on the Supreme Court's decision in Ingersoll-Rand Co., supra, to conclude that the Authority's negligent misrepresentation claim is preempted by the federal law. In Ingersoll-Rand Co., 498 U.S. at 140, 111 S.Ct. at 483, the Court had "no difficulty" in concluding that the *97 ERISA provision preempted an employee's state law claim for wrongful discharge allegedly brought about by the employer's desire to avoid contributing to or paying benefits under the employee's pension fund. The Court determined that the judicially-created cause of action "relate[d] to" an ERISA plan since the employee had to prove the existence of a pension plan and that the employer had a pension-defeating motive in terminating the employment. Id. At the same time, the Court recognized that there were limits to ERISA's sweeping preemption clause. Id. In Shaw v. Delta Air Lines, 463 U.S. 85, 100 n. 21, 103 S.Ct. 2890, 2901 n. 21, 77 L.Ed.2d 490 (1983), the Court observed that a state law may have a connection with or reference to an ERISA plan in "too tenuous, remote or peripheral a manner to warrant a finding that the law `relates to' the plan." In Mackey v. Lanier Collection Agency & Serv., 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988), the Court determined that ERISA did not preempt the use of Georgia's general garnishment statute to collect a judgment won against an ERISA plan participant. The Court held that an ERISA plan could be sued "for run-of-the-mill state-law claims such as ... torts committed by an ERISA plan ...," even if substantial administrative costs and burdens resulted. Id., at 833, 108 S.Ct. at 2187.
The Supreme Court's decision in Ingersoll-Rand Co. is not dispositive of the issue before us for several reasons. First and foremost, it involved a suit between an employee covered by an ERISA plan and his ERISA-obligated employer; the case before us concerns a third-party health care provider, not a party to the FEHBA insurance plan, and the FEHBA insurer which allegedly misinformed the provider about the existence of insurance coverage for the infant patient. Secondly, the health care provider's negligent misrepresentation suit is a "run-of-the-mill" tort claim that too tenuously affects the federal health benefits act to be preempted by FEHBA. Because this case more closely resembles factually Lordmann Enterprises v. Equicor, supra, we are persuaded by the analysis set forth therein by the 11th Circuit.
In Lordmann Enterprises, the 11th Circuit entertained an appeal in which an ERISA plan was sued for allegedly committing the tort of negligent misrepresentation found in Georgia law. A third-party health care provider sought damages after it had provided services to a patient based on the insurer's assurances of coverage, and the insurer had subsequently denied coverage. The 11th Circuit concluded that state law claims brought by health care providers against plan insurers "too tenuously affect [federal] plans to be preempted ... [,]" and held that the federal law did not preempt the health care provider's negligent misrepresentation claim against the insurer. Id., at 1533, 1534. In so doing, the appellate court opined that the preemption of the third party provider's negligent misrepresentation claim would not serve ERISA's purpose of protecting the interests of employees and beneficiaries covered by benefit plans, and that third party providers were beyond ERISA's scope as they were not parties to ERISA's "bargain"the exchange of state law claims for a federal cause of action.
So too with similar claims involving a FEHBA contract of insurance. Preemption of the third party provider's negligent misrepresentation claim would not serve FEHBA's purposes of protecting federal employees against high and unpredictable health care costs and affording employees insurance at the lowest possible cost. The onus of paying for medical bills not covered by the FEHBA plan would fall on the shoulders of the federal employee FEHBA was designed to protect. In addition, "[t]he `commercial realities' of the health care industry require that health care providers be able to rely on insurers' representations as to coverage." Id., at 1533. Furthermore, while a FEHBA insured may have received a federal cause of action against a FEHBA insurer in exchange for giving up insurance-based state law claims, the provider of the health care services to the insured is not a party to that bargain and has not received any benefit of that bargain. Finally, the health care provider's claim of negligent misrepresentation does not arise under FEHBA, but due to the lack of such coverage.
*98 We conclude that the Authority's allegation of negligent misrepresentation is a "run-of-the-mill" state law claim with too tenuous a connection with the FEHBA contract of insurance to warrant a finding that it "relates to" the contract. Consequently, the state law action is not barred by the federal preemption doctrine, and the trial court was correct in denying summary judgment to the insurer on the issue of preemption. The case is remanded to the Court of Appeals for consideration of any remaining issues.
Judgment reversed and case remanded with direction.
HUNT, C.J., and FLETCHER, HUNSTEIN, CARLEY and THOMPSON, JJ., and GEORGE KREEGER, J., Sitting by Designation, concur.
SEARS, J., disqualified.
NOTES
[1] The ERISA preemption statute is set forth in 29 U.S.C. § 1144(a):

Except as provided in subsection (b) of this section, the provisions of this subchapter ... shall supersede any and all State laws insofar as they may now or hereafter related to any employee benefit plan....