### A96A1648. UPSHAW v. HALE INTERMODAL TRANSPORT COMPANY et al.
(480 SE2d 277)

SMITH, Judge.

Henry Upshaw, the owner-operator of an 18-wheel tractor-trailer, leased both his truck and his services as a driver to Hale Intermodal Transport Company. He was seriously injured in a vehicular accident on Interstate 20 after being dispatched to Charleston, South Carolina, by Hale. He applied for workers' compensation benefits, which were denied on the basis that Upshaw was an independent contractor and not an employee of Hale. The ALJ, the appellate division of the Workers' Compensation Board, and the superior court affirmed the denial. We granted Upshaw's application for discretionary appeal to clarify the status of owner-operators of leased vehicles as to workers' compensation benefits in light of recent changes in both state and federal law.

Georgia law defines an "owner-operator" as "an equipment lessor who leases his vehicular equipment with driver to a carrier." OCGA § 40-2-87 (19). In 1991, OCGA § 34-9-1 was amended to provide, in pertinent part, that "[f]or purposes of this chapter, an owner-operator as such term is defined in Code Section 40-2-87 shall be deemed to be an independent contractor." OCGA § 34-9-1 (2). It is clear, therefore, that under Georgia law, Upshaw is not entitled to workers' compensation benefits from Hale because he is not Hale's employee but an independent contractor. See generally *State of Ga. v. Goolsby*, 191 Ga. App. 161 (381 SE2d 299) (1989).

Relying upon *Dove v. National Freight*, 138 Ga. App. 114 (225 SE2d 477) (1976), however, Upshaw contends that federal law provides to the contrary and preempts Georgia law on this issue. In *Dove*, this Court held that an owner-operator would be deemed an employee rather than an independent contractor. At the time *Dove* was decided, a federal statute then in effect, 49 USCA § 304 (a) (3), provided that the Interstate Commerce Commission (ICC) was authorized to promulgate rules to ensure that motor carriers would have full direction and control of owner-operator leased vehicles and would be fully responsible for their operation as if they were the owners of the vehicles. Id. at 115 (1).

In addition to the change in the Georgia statute since *Dove*, several changes have occurred in the federal law. 49 USCA § 11107 superseded 49 USCA § 304, and provided that the ICC could require

motor carriers using owner-operator leased vehicles to employ written leases and to have control of and responsibility for operating those vehicles as if the vehicles were owned by the motor carriers, in accordance with requirements prescribed by the Secretary of Transportation. 49 USCA § 11107 (a). Regulations were promulgated requiring the written leases to provide that the carrier has exclusive possession, control, and use of the equipment and assumes complete responsibility for its operation for the duration of the lease. 49 CFR § 1057.12 (a), (c) (1). In 1992, the regulations were also amended to provide specifically that "[n]othing in the provisions required by paragraph (c) (1) of this section is intended to affect whether the lessor or driver provided by the lessor is an independent contractor or an employee of the authorized carrier lessee. An independent contractor relationship may exist when a carrier lessee complies with 49 U.S.C. 11107 and attendant administrative requirements." 57 Fed. Reg. 32905 (1992) (codified at 49 CFR § 1057.12 (c) (4)).

49 CFR § 1057.12 (c) (4) was in effect at all times pertinent to Upshaw's claim. Under its unambiguous provisions, it is clear that contrary to Upshaw's contention the federal law was not intended to, and did not, preempt the clear Georgia law embodied in OCGA § 34-9-1 (2). Upshaw was driving under a written lease that complied in all respects with the provisions of the federal statute and regulations. He also signed an "Independent Contractor Release From Workers' Compensation Claims," in which he acknowledged that he was an independent contractor. Consequently, Upshaw was an independent contractor and was not entitled to workers' compensation benefits.

Effective January 1, 1996, the ICC Termination Act of 1995 (the Act) abolished the ICC. Pub. L. No. 104-88, 109 Stat. 803, § 101. Governance of interstate motor carriers was transferred to the newly established Surface Transportation Board within the Department of Transportation. 49 USCA §§ 701, 702; see Pub. L. No. 104-88, 109 Stat. 803, § 201; 61 Fed. Reg. 1842 (1996). The Act's saving provision provides, inter alia, that all regulations that were in effect on the date of the transfer of functions "shall continue in effect according to their terms until modified, terminated, superseded, set aside, or revoked in accordance with law by the Board, any other authorized official, a court of competent jurisdiction, or operation of law." Pub. L. No. 104-88, 109 Stat. 941, § 204 (a) (2) (1995).

Former 49 USCA § 11107 has been reenacted substantially unchanged as 49 USCA § 14102, except that the Code section now refers to the authority of "the Secretary [of Transportation]" instead of "the [Interstate Commerce] Commission." Id. To date, the applicable regulation, 49 CFR § 1057.12, has not been modified, terminated, superseded, set aside, or revoked. Under the authority of the

Act's saving provision, therefore, the old regulation continues in effect and governs our analysis. Because nothing in the federal law contradicts the declaration in OCGA § 34-9-1 (2) that an owner-operator shall be deemed an independent contractor, Upshaw is not entitled to workers' compensation benefits, and we affirm the judgment below.

*Judgment affirmed. Andrews, C. J., and Pope, P. J., concur.*

DECIDED JANUARY 14, 1997.

*Van C. Wilks*, for appellant.
*Lowendick, Speed & Donahue, Lesli R. Seta*, for appellees.