306 Ga. 634
FINAL COPY

S19A0665.  DERRICO v. THE STATE.

BENHAM, Justice.

Appellant Mark Derrico was convicted of aggressive driving, reckless conduct, and failure to signal lane change or turn in connection with a road rage incident.  Derrico has raised several challenges on appeal, including constitutional challenges.  For the reasons that follow, we affirm.

Viewed in the light most favorable to the jury's verdicts, the evidence presented at trial showed the following.  On August 29, 2014, Derrico was involved in a road rage incident with Felix Ambrosetti while driving northbound on Georgia State Route 400 in Forsyth County.  Timothy Inglis — an independent witness — observed the events and called 911.  Inglis testified that he saw Ambrosetti merge onto Georgia 400 and then proceed to cross all the way to the left lane in front of Derrico.  Inglis then observed Derrico attempt to overtake Ambrosetti by passing him in the right lane.

However, while heading back into the left lane, Derrico struck Ambrosetti's vehicle on the passenger side. Next, Derrico slowed down, went behind Ambrosetti's vehicle, then entered the emergency lane and struck Ambrosetti's vehicle on the driver side. After that, both vehicles pulled off the road. Inglis said that Ambrosetti maintained his lane throughout the incident and further testified that he believed Derrico was angry and overreacted to Ambrosetti's merging.

Deputy Day of the Forsyth County Sheriff's Office responded to the scene and spoke with both Derrico and Ambrosetti on the day of the incident. Deputy Day cited Derrico for aggressive driving, reckless conduct, and improper lane change.

1. Derrico argues that the evidence presented was insufficient to convict him of aggressive driving under OCGA § 40-6-397,[1]

---

[1] OCGA § 40-6-397 (a) provides in relevant part that"[a] person commits the offense of aggressive driving when he or she operates any motor vehicle with the intent to . . . intimidate . . . another person, including without limitation violating [Code Sections listed] with such intent."

reckless conduct under OCGA § 16-5-60,[2] and failure to signal a lane change or turn under OCGA § 40-6-123 (a)[3] because he testified that he was innocent and that Ambrosetti was the aggressor. However, when we review a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict and defer to the jury's assessment of the weight and credibility of the evidence. See *Jackson v. Virginia*, 443 U. S. 307 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979). The evidence, as set forth above, was sufficient to authorize a reasonable jury to find Derrico guilty beyond a reasonable doubt of the offenses for which he was charged. See id.[4]

---

[2] OCGA § 16-5-60 (b) provides:

A person who causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation is guilty of a misdemeanor.

[3] OCGA § 40-6-123 (a) provides in relevant part that "[n]o person shall . . . change lanes or move right or left upon a roadway unless and until such movement can be made with reasonable safety."

[4] Derrico also contends that the trial court should have granted his

2. Derrico also argues that OCGA §§ 40-6-397 and 16-5-60 are unconstitutionally vague as applied to him.

> It is well established that the void for vagueness doctrine of the due process clause requires that a challenged statute or ordinance give a person of ordinary intelligence fair warning that specific conduct is forbidden or mandated and provide sufficient specificity so as not to encourage arbitrary and discriminatory enforcement.

(Citation and punctuation omitted.) *Major v. State*, 301 Ga. 147, 152 (800 SE2d 348) (2017). "Where, as here, the challenged statute[s] [do] not involve First Amendment freedoms, [they are] examined in light of the facts of the case at hand." (Citation omitted.) *Baker v. State*, 280 Ga. 822, 823 (633 SE2d 541) (2006). "Our construction of [these statutes] is consistent with this Court's duty to construe . . . statute[s] in a manner which upholds [them] as constitutional, if that is possible." (Citation and punctuation omitted.) *State v. Cohen*,

---

motions for directed verdict and new trial because the State failed to prove guilt beyond a reasonable doubt. However, as stated above, the evidence presented was sufficient to find Derrico guilty beyond a reasonable doubt, and the trial court did not err by denying Derrico's motions. See *Moore v. State*, 306 Ga. __, __ n. 4 (__ SE2d __) (2019); *Thompson v. State*, 302 Ga. 533 (II) (807 SE2d 899) (2017); *Slaton v. State*, 296 Ga. 122 (2) (765 SE2d 332) (2014); *Jackson*, 443 U. S. 307 (III) (B).

4

302 Ga. 616, 623 (807 SE2d 861) (2017).

(a) Derrico contends that OCGA § 40-6-397 is unconstitutionally vague because the statute contains an open-ended list of violations and the aggressive driving count in his indictment does not include a reference to any of the statutes listed therein.[5] Derrico also claims that he was arbitrarily selected for prosecution instead of Ambrosetti.

However, we cannot say OCGA § 40-6-397 does not give a person of ordinary intelligence fair warning that Derrico's conduct — particularly, moving into the emergency lane to then strike Ambrosetti's car a second time — is prohibited as an attempt to intimidate someone, which violates the plain language of the statute. See OCGA § 40-6-397 (a); *Major*, 301 Ga. at 152. Derrico's claim of selective prosecution also fails as he has not even attempted "to show that his prosecution represent[ed] an intentional and

---

[5] Count 1 provides in relevant part "[Derrico] did unlawfully operate [a] motor vehicle . . . with the intent to intimidate Felix Ambrosetti . . . in that [Derrico] did move into Felix Ambrosetti's lane, striking the vehicle Felix Ambrosetti was driving, in violation of OCGA § 40-6-397."

purposeful discrimination which [was] deliberately based upon an unjustifiable standard, such as race, religion, or other arbitrary classification." (Citation and punctuation omitted.) *Wallace v. State*, 299 Ga. 672, 674 (791 SE2d 836) (2016).

(b) Derrico argues that OCGA § 16-5-60 (b) is unconstitutionally vague as applied to him because he was a victim of Ambrosetti's road rage and dealt with the situation as best he could and that it was arbitrary whether he or Ambrosetti would be prosecuted. However, there was testimony that Derrico was the aggressor and struck Ambrosetti's vehicle twice while in traffic. A person of ordinary intelligence would appreciate the risk from intentionally using one's vehicle to strike another vehicle at highway speeds around other motorists, and therefore would have fair notice such conduct would violate the statute. See *Horowitz v. State*, 243 Ga. 441 (254 SE2d 828) (1979) (finding the statute was sufficiently definite to give fair notice that speeding in a residential neighborhood constituted reckless conduct). Accordingly, we affirm the trial court's decision that OCGA § 16-5-60 (b) is not

6

unconstitutionally vague when applied to the facts of this case.

3. Derrico next argues that the trial court erred by failing to admit the entirety of Ambrosetti's driving history into evidence. Derrico contends the omitted portions were relevant to show that Ambrosetti would have had cause to lie about the incident because he had several prior interactions with law enforcement concerning traffic offenses. Questions of relevance are within the sound discretion of the trial court, and absent a clear abuse of discretion, a court's decision to exclude evidence on the grounds of a lack of relevance will not be disturbed on appeal. See *Anglin v. State*, 302 Ga. 333 (2) (806 SE2d 573) (2017).

The trial court admitted Ambrosetti's driving history pursuant to OCGA § 24-8-803 (8); however, the court found certain portions of the document irrelevant, limited Derrico's cross-examination of Ambrosetti, and did not send the document out with the jury. Even if the trial court abused its discretion when it limited Derrico's cross-examination of Ambrosetti, Derrico was still able to cross-examine Ambrosetti about two other accidents Ambrosetti admitted he

7

caused since 2008. Further, an independent witness testified that Derrico was the aggressor during the incident. Accordingly, any error would be harmless. See *Adkins v. State*, 301 Ga. 153, 158 (3) (a) (800 SE2d 341) (2017) (stating that "[a] nonconstitutional error is harmless if it is highly probable that the error did not contribute to the verdict").

*Judgment affirmed. All the Justices concur.*

DECIDED AUGUST 5, 2019 --- RECONSIDERATION DENIED SEPTEMBER 3, 2019.

OCGA §§ 40-6-397 and 16-5-60; constitutional question. Forsyth State Court. Before Judge McClelland.

*Andrew T. Mosley II*, for appellant.

*Penny A. Penn, District Attorney, William A. Finch, Solicitor-General, Jenna T. Murphy, Assistant Solicitor-General; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.