310 Ga. 445
FINAL COPY

S20A1274.  SMALLWOOD v. THE STATE.

McMILLIAN, Justice.

Derek Smallwood challenges his conviction for entering an automobile under OCGA § 16-8-18, asserting that the statute is void for vagueness, or alternatively, under the rule of lenity, that he should have been sentenced for misdemeanor criminal trespass of a vehicle. We conclude that OCGA § 16-8-18 is not unconstitutionally vague as applied to the facts of Smallwood's case, and because that statute prevails as the more specific statute over criminal trespass of a vehicle, the rule of lenity does not apply. Therefore, we affirm.

1. The stipulated facts from Smallwood's bench trial are as follows:

> On January 18, 2019, several units of the Paulding County Sheriff's Office were dispatched to Briar Patch BBQ's employee parking lot in reference to a possible Entering an Automobile. The victim was informed by a co-worker that a person was in his car.
> Deputy Investigator Nathan Geyer approached the person in the vehicle, a tan Toyota Camry, and told the

person to exit the vehicle. The person was identified as the Defendant, Derek Paul Smallwood, by his date of birth, and he was detained at that time.

The vehicle's owner, who was on scene, informed the deputies that he did not know Mr. Smallwood, nor gave him permission to be in his car. The owner told the deputies that he was missing his cell phone from inside the car, as well as a bottle of laundry soap. Both items were found in a black grocery sack Mr. Smallwood had with him in his backpack. Also inside the backpack was a glass smoking pipe with burnt residue of marijuana, a grinder, and a digital scale.

When the deputies asked him about the car, Mr. Smallwood told them that he was cold and he thought the car looked abandoned, so he opened the passenger side door and climbed in. The deputies then arrested Mr. Smallwood for Entering an Automobile, Theft by Taking, and Possession of Drug Related Objects.

On March 6, 2019, Smallwood was accused of entering an automobile that was the property of another person with the intent to commit theft under OCGA § 16-8-18[1] (Count 1), theft by taking (Count 2), and two counts of possession of drug-related objects (Counts 3 and 4). Smallwood thereafter filed a general demurrer to

---

[1] OCGA § 16-8-18 provides:

If any person shall enter any automobile or other motor vehicle with the intent to commit a theft or a felony, he shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than one nor more than five years, or, in the discretion of the trial judge, as for a misdemeanor.

Count 1 of the accusation on the grounds that OCGA § 16-8-18 was void for vagueness. At a February 18, 2020 hearing, the trial court heard and rejected Smallwood's arguments that OCGA § 16-8-18 is void on its face and as applied. Smallwood then waived his right to a jury trial and proceeded with a bench trial on the stipulated facts. The trial court found him guilty of all counts and sentenced him in total to 12 months to be served on probation with a $405 fine. Smallwood also filed a motion in arrest of judgment as to Count 1 of the accusation, which the trial court denied. Smallwood timely filed a notice of appeal and asked for a supersedeas bond pending appeal, which the trial court granted.

2. Smallwood claims that his entering an automobile conviction must be overturned because OCGA § 16-8-18 is unconstitutionally vague on its face and as applied to his case. We reject these challenges on the grounds that he can prevail on his facial challenge only if he prevails on his as-applied challenge, and OCGA § 16-8-18 is not vague as applied to Smallwood.

The Fourteenth Amendment to the United States Constitution

provides that no State shall "deprive any person of life, liberty, or property, without due process of law."[2]

> It is well established that the void for vagueness doctrine of the due process clause requires that a challenged statute or ordinance give a person of ordinary intelligence fair warning that specific conduct is forbidden or mandated and provide sufficient specificity so as not to encourage arbitrary and discriminatory enforcement.

*Derrico v. State*, 306 Ga. 634, 635 (2) (831 SE2d 794) (2019) (citation and punctuation omitted). "Vagueness invalidates criminal statutes that fail to provide clear warning to the average citizen of what conduct is criminally forbidden or fail to provide explicit standards for its enforcement to law enforcement officers. . . . [V]ague laws without clear enforcement criteria can result in unfair, discriminatory enforcement." *In the Interest of K. R. S.*, 284 Ga. 853, 854 (2) (672 SE2d 622) (2009).

"[V]agueness challenges to statutes which do not involve First

---

[2] Although Smallwood cites in passing the due process clause of the Georgia Constitution, along with the Fifth Amendment and Fourteenth Amendment of the United States Constitution, he makes no separate argument and cites no cases regarding the Georgia Constitution, so we restrict our analysis to his claims under the federal constitution.

Amendment freedoms must be examined in the light of the facts of the case at hand." *Daddario v. State*, 307 Ga. 179, 188 (2) (b) (835 SE2d 181) (2019) (citation and punctuation omitted). In other words, outside of the First Amendment context, if a challenger's as-applied vagueness challenge fails, then his facial challenge also fails. See *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 (II) (102 SCt 1186, 71 LE2d 362) (1982) ("A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.").

Smallwood asserts that under recent United States Supreme Court precedent, his facial challenge prevails as long as he can show that in some hypothetical circumstance, OCGA § 16-8-18 could be applied in such a way that the offender would not have fair warning that his conduct violated the statute.[3] Compare *United States v.*

---

[3] As an example, Smallwood claims that a person entering their own automobile with the intent of driving somewhere to commit a theft or felony would violate OCGA § 16-8-18 even if the person does not actually commit the theft or felony. We need not address this hypothetical factual scenario for the reasons set forth below.

*Salerno*, 481 U.S. 739, 745 (II) (107 SCt 2095, 95 LE2d 697) (1987) (to succeed on a facial challenge, petitioner "must establish that no set of circumstances exists under which the [statute] would be valid"), with *Sessions v. Dimaya*, __ U.S. __, __ (III) n.3 (138 SCt 1204, 200 LE2d 549) (2018) (rejecting assertion that a court may not invalidate a statute for vagueness simply because the statute is clear in at least some applications), and *Johnson v. United States*, 576 U.S. 591, 602 (II) (B) (135 SCt 2551, 192 LE2d 569) (2015) ("[A]lthough statements in some of our opinions could be read to suggest otherwise, our *holdings* squarely contradict the theory that a vague provision is constitutional merely because there is some conduct that clearly falls within the provision's grasp." (emphasis in original)).

We need not answer whether *Johnson* and *Dimaya* rejected the proposition that a facial challenge requires a statute to be vague in *all* applications and therefore whether, as Smallwood contends, a statute is unconstitutionally vague on its face if the challenger can point to some hypothetical circumstance where the statute does not

6

give fair warning that the conduct is covered. That is because neither of these cases overrules the principle that for a court to reach a facial challenge, a challenger must be able to successfully bring an as-applied challenge.[4]

*Johnson* and *Dimaya* do not expressly disavow the principle that outside the First Amendment context, a defendant whose conduct falls squarely within the confines of the statute cannot prevail on a facial challenge, and their reasoning and analysis support that the Supreme Court contemplated applying the

---

[4] Federal courts have reached differing conclusions about the implications of rejecting the "no set of circumstances" test as articulated in *Salerno* and similar cases and what analysis to apply post-*Johnson* in evaluating facial challenges. See, e.g., *U.S. Telecom Assn. v. Fed. Communications Comm.*, 825 F3d 674, 735-36 (VI) (B) (D.C. Cir. 2016) (after noting that *Johnson* "suggested some skepticism" about the principle that an enactment is impermissibly vague if it is vague in all its applications, court declined to "decide the full implications of *Johnson*"); *United States v. Lynch*, 881 F3d 812, 818-19 (II) (10th Cir. 2018) (construing *Johnson* to require "full vagueness analysis" and concluding that persons of ordinary intelligence could understand what was prohibited by criminal statute); *Guerrero v. Whitaker*, 908 F3d 541, 545 (9th Cir. 2018) (criminal statute not unconstitutionally vague on its face when its terms are applied to "real-world facts" rather than an idealized crime as in *Johnson* and *Dimaya*); *Henry v. Spearman*, 899 F3d 703, 709 (III) (A) (9th Cir. 2018) (to extent that *Hoffman Estates* is inconsistent with *Johnson* and *Dimaya*, it does not reflect the current state of the law). Although the decisions of the federal courts of appeal are not binding on this court, we may find their reasoning instructive. See *Macon-Bibb County Hosp. Auth. v. Nat. Treasury Employees Union*, 265 Ga. 557, 558 (1) (458 SE2d 95) (1995).

statutory elements to the defendant's case in order to resolve vagueness challenges. See *Dimaya,* 138 SCt at 1213-14 (III) (explaining that the criminal statute at issue in *Johnson* was unconstitutionally vague because the sentencing court was required to focus "on neither the 'real-world facts' nor the bare 'statutory elements' of an offense" but rather on the "kind of conduct the 'ordinary case' of a crime involves" (citation and punctuation omitted)); *Johnson,* 576 U.S. at 603-04 (II) (B) (Court clarified that it did not doubt the constitutionality of laws that require application to "real-world conduct" of a particular defendant "on a particular occasion" (emphasis omitted)).

Other federal appellate courts have also read *Johnson* and *Dimaya* as not overruling the principle that a defendant must be able to prevail in his as-applied challenge in order to proceed with a facial challenge, and we find their reasoning persuasive. See *United States v. Cook,* 970 F3d 866, 877 (II) (A) (7th Cir. 2020) ("*Johnson* did not alter the general rule that a defendant whose conduct is clearly prohibited by a statute cannot be the one to make a facial

vagueness challenge."); *United States v. Bramer*, 832 F3d 908, 909-10 (8th Cir. 2016) (per curiam) ("Though [the defendant] need not prove that [the statute] is vague in all its applications, our case law still requires him to show that the statute is vague as applied to his particular conduct."); see also *Daddario*, 307 Ga. at 188 (2) (b) (concluding that vagueness challenges outside First Amendment context still must be applied first to defendant's case after decision in *Johnson*).

Here, a person of ordinary intelligence would have fair warning that Smallwood's conduct, namely, entering a vehicle that is not one's own and taking another's possessions from within the vehicle, would be covered by OCGA § 16-8-18. See, e.g., *Derrico*, 306 Ga. at 636 (2) (b) (reckless conduct statute not vague as applied to defendant who was the aggressor in road rage incident and struck victim's car twice while in traffic); *Sabel v. State*, 248 Ga. 10, 13 (2) (282 SE2d 61) (1981) (statute that prohibits defacing government property was not vague as applied to defendant who spray-painted state-owned buildings and statues), overruled on other grounds,

*Rower v. State*, 264 Ga. 323, 325 (5) (443 SE2d 839) (1994).

Further, OCGA § 16-8-18 does not authorize or encourage arbitrary and discriminatory enforcement. Smallwood argues that the statute can be arbitrarily enforced because law enforcement officers may arbitrarily choose to charge similar conduct under OCGA § 16-8-18 or for criminal trespass or both. But vague statutes invite arbitrary and selective enforcement by allowing law enforcement officers to charge a crime where there was no crime, not to charge a crime that has a higher penalty rather than a crime with a lesser penalty. Cf. *Hall v. State*, 268 Ga. 89, 94-95 (2) (485 SE2d 755) (1997) (reckless conduct statute unconstitutionally vague where it enabled law enforcement "to 'cast a wide net' and ensnare an individual whose actions were deemed to be unjust and unreasonable only when viewed in retrospect" and not based on "any clear and definite guidelines set forth in the [s]tatute" (citation omitted)).

OCGA § 16-8-18 does not fail to provide sufficient standards for law enforcement officers such that they are enabled "to throw as

10

large a net as possible to rid the public of undesirables," and it does not support charging as criminal any conduct "absent probable cause of actual criminality." *Johnson v. Athens-Clarke County*, 272 Ga. 384, 387 (3) (529 SE2d 613) (2000) (citation and punctuation omitted). OCGA § 16-8-18 defines specific standards sufficient for enforcement without bias, discrimination, or arbitrariness: whether the defendant entered an automobile or other motor vehicle with the intent to commit a theft or felony. And in this case, it was stipulated that Smallwood both entered an automobile and committed a theft therein. Cf. *Satterfield v. State*, 260 Ga. 427, 428 (395 SE2d 816) (1990) (statute criminalizing indecent and disorderly conduct was unconstitutionally vague because it impermissibly delegated basic policy matters to law enforcement, judges, and juries on an ad hoc, subjective basis); *Bullock v. Dallas*, 248 Ga. 164, 168 (2) (281 SE2d 613) (1981) (anti-loitering ordinance was unconstitutionally vague where "the tests for ascertaining the line separating guilty from innocent acts" were "speculative," and allowed for arresting defendant who parked her car in a parking lot and conversed with

11

others in a parked car for no more than five minutes (citation and punctuation omitted)). In sum,

> [E]ven if the outermost boundaries of the applicable [statute] may be imprecise in certain situations . . . , we need not make that determination as [Smallwood's] conduct clearly falls within the "hardcore" of the [statute's] prescriptions, and one to whose conduct a statute clearly applies may not challenge it on the basis that it may be unconstitutionally vague when applied to others.

*Gouge v. City of Snellville*, 249 Ga. 91, 93-94 (3) (287 SE2d 539) (1982). Thus, we conclude that OCGA § 16-8-18 is not void for vagueness.

3. Alternatively, Smallwood contends that even if OCGA § 16-8-18 is not void for vagueness, the trial court erred because Smallwood should have been sentenced for misdemeanor criminal trespass under OCGA § 16-7-21 (b), rather than for a felony under OCGA § 16-8-18, after applying the rule of lenity.[5] We disagree.

---

[5] At oral argument, the Court questioned whether Smallwood properly preserved the rule of lenity argument. Since that time, the transcript of the February 18, 2020 hearing and stipulated bench trial has been filed as a supplemental record, and the transcript shows that Smallwood made this argument at the hearing on the general demurrer prior to conviction and entry

12

"The rule of lenity applies when a statute, or statutes, establishes, or establish, different punishments for the same offense, and provides that the ambiguity is resolved in favor of the defendant, who will then receive the lesser punishment." *Banta v. State*, 281 Ga. 615, 617 (2) (642 SE2d 51) (2007). Often described as a "junior version of the vagueness doctrine,"[6] the rule of lenity derives from the long-standing canon under the common law that penal statutes are to be strictly construed against the State and in favor of the accused. See *United States v. Lanier*, 520 U.S. 259, 266 (II) (117 SCt 1219, 137 LE2d 432) (1997); *Gee v. State*, 225 Ga. 669, 676 (7) (171 SE2d 291) (1969). See generally *Johnson*, 576 U.S. at 613-14 (II) (A) (1) (Thomas, J., concurring) (describing emergence of the rule of lenity in 16th-century England). Thus, ambiguity in

---

of judgment, thereby preserving it for appeal. See *State v. Hanna*, 305 Ga. 100, 105 (2) (823 SE2d 785) (2019) (explaining that rule of lenity argument may be raised by filing a general demurrer or in a challenge after conviction).

[6] See, e.g., *Hanna*, 305 Ga. at 102 (2); *McNair v. State*, 293 Ga. 282, 283 (745 SE2d 646) (2013); *Banta v. State*, 281 Ga. 615, 617 (2) (642 SE2d 51) (2007); *Woods v. State*, 279 Ga. 28, 30 (3) (608 SE2d 631) (2005); *Brown v. State*, 276 Ga. 606, 609 (2) (581 SE2d 35) (2003) (quoting *United States v. Lanier*, 520 U.S. 259, 266 (II) (117 SCt 1219, 137 LE2d 432) (1997)).

whether to sentence a defendant to the greater or lesser offense "should be resolved in the defendant's favor." *State v. Hanna*, 305 Ga. 100, 103 (2) (823 SE2d 785) (2019) (citations and punctuation omitted). However, it is important to recognize that "[t]he rule of lenity is a rule of construction that is applied only when an ambiguity still exists after having applied the traditional canons of statutory construction." Id. at 102 (2) (citation and punctuation omitted).

Smallwood's rule of lenity argument is relatively simple – because his conduct in entering the automobile and committing a theft therein violates both OCGA § 16-8-18 and OCGA § 16-7-21 (b) (1), he must be sentenced to misdemeanor criminal trespass under the rule of lenity. OCGA § 16-7-21 (b) (1) provides:

> A person commits the offense of criminal trespass when he or she knowingly and without authority . . .
>    (1) Enters upon the land or premises of another person or into any part of any vehicle, railroad car, aircraft, or watercraft of another person for an unlawful purpose[.]

In contrast, OCGA § 16-8-18 states that "[i]f any person shall enter

14

any automobile or other motor vehicle with the intent to commit a theft or a felony, he shall be guilty of a felony . . . ."

Smallwood misapprehends the rule of lenity. As we have explained, "that a single act may, as a factual matter, violate more than one penal statute does not implicate the rule of lenity." *Banta*, 281 Ga. at 618 (2). After applying the traditional canons of statutory construction to the statutes in this case, we conclude that Smallwood was properly sentenced for the felony of entering an automobile. When we construe the text of a statutory provision, we start with the premise that "we must afford the statutory text its 'plain and ordinary meaning.'" *Deal v. Coleman*, 294 Ga. 170, 172 (1) (a) (751 SE2d 337) (2013) (citation and punctuation omitted). Smallwood's conduct, as stipulated, falls under the plain and ordinary meaning of both the entering-an-automobile and criminal-trespass statutes. Cf. *Banta*, 281 Ga. at 618 (2) (concluding that the two statutes at issue did not define the same offense); *Gordon v. State*, 334 Ga. App. 633, 640-41 (780 SE2d 376) (2015) (holding that crimes of making a false statement to law enforcement officers and falsely reporting a

crime "provide different grades of punishment for the same criminal conduct").

However, the canon of construction that a more specific statute prevails over a general statute resolves any ambiguity between the two statutes. "[W]here there is a specific and a general criminal statute, the rule of lenity is not implicated, and a specific statute will prevail over a general statute, absent any indication of a contrary legislative intent." *State v. Nankervis*, 295 Ga. 406, 409 (2) (761 SE2d 1) (2014) (citation and punctuation omitted). See also *Woods v. State*, 279 Ga. 28, 30-31 (3) (608 SE2d 631) (2005); *Dixon v. State*, 278 Ga. 4, 5 (1) (596 SE2d 147) (2004); *Mann v. State*, 273 Ga. 366, 368 (1) (541 SE2d 645) (2001).

The criminal trespass statute prohibits the knowing and unauthorized entry into any one of six places, including a "vehicle," for any "unlawful purpose." This Court has construed an unlawful purpose as set out in the criminal trespass statute as "a purpose to violate a criminal law." *Daniel v. State*, 301 Ga. 783, 786 (III) (804 SE2d 61) (2017) (citation and punctuation omitted). OCGA § 16-8-

16

18, on the other hand, criminalizes entry into a vehicle "with the intent to commit a theft or felony[.]" Because OCGA § 16-8-18 criminalizes the entry into an automobile or other motor vehicle and only for the purpose of committing certain designated crimes, rather than the more general "unlawful purpose," Smallwood was properly sentenced under the more specific OCGA § 16-8-18, and the rule of lenity was not implicated.[7] See *Nankervis*, 295 Ga. at 410 (2) (rule of lenity did not require sentencing under general statute prohibiting the manufacturing of any "controlled substance" rather than the specific law criminalizing "trafficking methamphetamine"); *Woods*, 279 Ga. at 30-31 (3) (statute criminalizing attempt to possess marijuana with intent to distribute was more specific than the

---

[7] Smallwood argues that the criminal trespass statute is more specific because it prohibits entry into a vehicle "without authority," whereas OCGA § 16-8-18 is silent on this issue. However, we conclude that the "without authority" language makes no difference to the analysis in this case because Smallwood was charged with "unlawfully enter[ing] a Toyota Camry, a motor vehicle, the property of [the victim], with the intent to commit a theft therein . . . ." He then stipulated at trial that the owner had not given him permission to enter the vehicle. Thus, the State treated the crime of entering an automobile as if it included a "without authority" element such that the primary substantive difference between the two statutes, as applied here, was whether the entry was made with an unlawful purpose or with the intent to commit a theft or felony.

17

sentencing statute governing convictions for the offense of criminal attempt to commit a felony); *Dixon*, 278 Ga. at 6 (1) (b) (specific misdemeanor statutory rape provision applied over general child molestation statute where the "legislature spoke very directly towards specific conduct"); *Mann*, 273 Ga. at 368 (1) (specific sentencing scheme for defendants convicted of possessing more than one ounce of cocaine with intent to distribute applied over general recidivist scheme). Accordingly, we affirm the judgment of the trial court.

*Judgment affirmed. All the Justices concur, except Warren, J., not participating.*

Decided November 16, 2020.

OCGA § 16-8-18; constitutional questions. Paulding Superior Court. Before Judge Beavers.

*Hunter J. Rodgers, Keegan C. Gary*, for appellant.

*Dick R. Donovan, District Attorney, Elisabeth M. Giuliani, Anthony B. Williams, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.